985 F.2d 585
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Nick V. PASHUN, Petitioner,
v.
DEPARTMENT OF THE TREASURY, Respondent.
 No. 92-3577.
 United States Court of Appeals, Federal Circuit.
 Dec. 18, 1992.
 
 Before PAULINE NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Nick V. Pashun petitions for review of the July 31, 1992 decision of the Merit Systems Protection Board, No. NY3443910563-I-1, dismissing his petition under the Whistleblower Protection Act as untimely filed. We affirm.
 
 OPINION
 
 2
 On June 21, 1990, Pashun submitted a complaint to the Office of Special Counsel (OSC) regarding his removal by the Customs Service from his position as Canine Enforcement Officer. By letter dated August 7, 1990, the OSC notified Pashun that it was terminating its investigation of his allegations, and that he had 65 days from that date to file an Individual Right of Action (IRA) appeal with the Board (under the implementing regulation, an appeal to the Board in an IRA under the Whistleblower Protection Act must be filed within 65 days from the date of issuance of the OSC's written notification to the appellant that it is terminating its investigation of the appellant's allegation. 5 C.F.R. § 1209.5(a)(1) (1992)). Pashun did not file his appeal with the Board until September 1991, approximately eleven months after OSC notified him that it had terminated its investigation. In an initial decision, the Administrative Judge (AJ) dismissed Pashun's appeal as untimely filed, concluding that Pashun had failed to show good cause for failing to file his appeal within the statutory time period. The full Board affirmed the initial decision.[1]
 
 
 3
 On appeal to this court Pashun fails to address the eleven-month period that is relevant to the timeliness issue that is before us. Under these circumstances we cannot say that the Board's decision is (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) obtained without procedures required by law, rule, or regulation having been followed; or (c) unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (1988); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). In light of the fact that Pashun filed his petition almost eleven months after receiving the appropriate notification from the OSC, we conclude that the Board correctly dismissed Pashun's appeal as untimely.
 
 
 4
 Finally, we grant the Board's motion to reform the caption to designate it, rather than the Department of the Treasury, as respondent in this case.[2] We recently held in Spruill v. Merit Sys. Protection Bd., No. 91-3245, slip op. at 14 (Fed.Cir. Oct. 22, 1992), that the Board is the proper respondent if the issue on appeal is the Board's jurisdiction or procedure, whereas the employing agency is the proper respondent when the issue on appeal is the merits of the underlying agency action. We thus conclude that the Board is the proper respondent in this case since Pashun's appeal is from the Board's dismissal of his claim on the procedural ground of untimeliness.
 
 
 
 [1]
 The full Board held that it did not need to reach the issue of good cause since the Board had ruled, subsequent to the initial decision, that it had no legal authority to waive the time limit for filing an IRA appeal. This issue has not been raised by appellant here
 
 
 [2]
 Pashun opposes the motion on the basis of the practice note following our Rule 12 which indicates that any objection to the official caption should be made within 10 days of receipt. However, this note is advisory, not mandatory